O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| MAYNA CHAU-BARLOW,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY; VAN T. CHEN, M.D.; BALLARD REHABILITATION HOSPITAL; and DOES 1–50, INCLUSIVE,<br><br>　　　　　Defendants. | Case № 5:16-cv-01694-ODW (KKx)<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTIONS TO DISMISS AND STRIKE AS MOOT [22, 8, 10, 12]** |

## I.   INTRODUCTION

Plaintiff Mayna Chau-Barlow ("Dr. Barlow") moves to remand this case to the San Bernardino Superior Court, arguing that there is not complete diversity among the parties. (Mot. to Remand, ECF No. 22.)  Defendant Provident Life and Accident Insurance Company's ("Provident") position is that the two non-diverse defendants are "sham defendants."  (Opp'n to Mot. to Remand 1, ECF No. 31.)

For the reasons discussed below, the Court **GRANTS** Dr. Barlow's Motion to Remand. (ECF No. 22.)  Accordingly, Provident's Motion to Dismiss, Defendant Van T. Chen's Motion to Dismiss, and Defendant Chen's Motion to Strike are all hereby **DENIED AS MOOT**.  (ECF Nos. 8, 10, 12.)

## II. FACTUAL BACKGROUND

This is an insurance dispute arising out of Dr. Barlow's insurance contract with Provident and a medical examination performed by Dr. Chen, who was employed by Defendant Ballard Rehabilitation Hospital ("Ballard"). (Compl. ¶¶ 10—12, ECF No. 1.) Dr. Chen is a California resident, and Ballard is incorporated in California. (*Id.*¶¶ 2–3.) Provident is incorporated in Tennessee. (*Id.* ¶ 1.) In June 1992, Provident issued to Dr. Barlow a disability insurance policy ("the Policy"). (*Id.* ¶ 7.1.)[1] At that time, Dr. Barlow was a licensed dentist. (*Id.*) The Policy provided that Provident would pay disability benefits to Dr. Barlow if she became totally disabled as a dentist. (*Id.*) Ten years later, in June 2012, Dr. Barlow was in a car accident that left her with herniated discs in her neck, causing pain, numbness, and weakness in her shoulder, arm, and hand. (*Id.* ¶ 7.2.) Dr. Barlow alleges that she tried to continue her work as a dentist following the accident, but she experienced pain and other symptoms making it extremely difficult for her to perform her work. (*Id.* ¶ 8.) As a result, Dr. Barlow submitted a claim for total disability benefits to Provident, and on March 26, 2013, Provident approved the claim. (*Id.* ¶¶ 8–9.) Provident then paid Dr. Barlow disability benefits from April 18, 2013, until May 1, 2014. (*Id.* ¶ 9.)

Based on the terms of the Policy, Provident requested an independent medical evaluation of Dr. Barlow about a year into Provident's payment of benefits. (*Id.* ¶ 10.) Dr. Chen, while employed by Ballard, performed the medical evaluation and presented his findings to Provident. (*Id.* ¶¶ 10–11.) Dr. Chen's concluded that Dr. Barlow was able to return to her work as a dentist, thus no longer qualified for disability benefits. (*Id.* ¶ 11.) In May 2014, Provident ceased paying disability benefits to Dr. Barlow. (*Id.* ¶ 13.)

Dr. Barlow alleges that Dr. Chen, Ballard, and Provident conspired to deny benefits to her, that Dr. Chen's medical findings were false, and that he and Ballard

---

[1] Dr. Barlow's Complaint includes two paragraphs labeled as Paragraph 7. The Court will regard the first Paragraph 7 as Paragraph 7.1 and the second Paragraph 7 as Paragraph 7.2.

knew they were false. (*Id.* ¶¶ 11–12.) Dr. Barlow asserts claims for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Intentional Interference with a Contract, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress. (*See id.*)

Provident argues that Dr. Chen and Ballard are sham defendants and that Dr. Barlow cannot maintain a claim against them as a matter of law. (*See* Opp'n to Mot. to Remand.) Accordingly, Provident opposes Dr. Barlow's Motion to Remand. (*Id.*) Provident also moves to dismiss Dr. Barlow's claim for Intentional Infliction of Emotional Distress, contending that Dr. Barlow's Complaint fails to establish the necessary elements. (Provident Mot. to Dismiss.) Dr. Chen moves to dismiss the claims against him, also arguing that Dr. Barlow's pleading is inadequate. (Chen Mot. to Dismiss.) Finally, Dr. Chen moves to strike Dr. Barlow's prayer for exemplary damages against him. (Mot. to Strike.) These four Motions are now before the Court for consideration.[2]

### III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Corporations are deemed citizens of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1).

A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. *Id.* § 1441(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be

---

[2] After carefully considering the papers filed with respect to these Motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Removal based on a court's diversity jurisdiction is proper despite the presence of a non-diverse defendant where that defendant is fraudulently joined or a sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Defendants urging fraudulent joinder must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "If the plaintiff fails to state a cause of action against the [non-diverse] defendant, and the failure is obvious according to the settled rules of the state," the joinder is considered fraudulent, and the party's citizenship is disregarded for purposes of diversity jurisdiction. *Hamilton Materials*, 494 F.3d at 1206 (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). However, "[i]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Hamilton Materials*, 494 F.3d at 1206; *see also Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

## IV. DISCUSSION

Dr. Barlow moves to remand the action to state court for lack of diversity. (Mot. to Remand 1.) She argues that Provident's removal was improper because both Dr. Chen and Ballard are California residents. (*Id.*) Provident, however, argues that there are no viable claims against Dr. Chen or Ballard, and thus that complete

diversity exists despite the presence of those two defendants in Dr. Barlow's Complaint. (Opp'n to Mot. to Remand 1.) In order for this Court to find that Dr. Chen and Ballard are sham defendants, it would have to determine, in essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend. If any possible claims exist in this action against Dr. Chen or Ballard, then remand is proper. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). This Court concludes that possible claims do exist.

While in the Court's view, none of Dr. Barlow's claims against the local defendants would survive a Rule 12(b)(6) Motion to Dismiss, it cannot rule that a state court would sustain a demurrer as to those causes of action *without leave to amend*. Though Dr. Barlow's allegations are generally conclusory and even contradictory, this Court cannot state as a matter of law that none of the claims against the non-diverse defendants would be viable if she were able to amend her claims to plead with more particularity.

Dr. Barlow asserts three causes of action against defendants Dr. Chen and Ballard: Intentional Interference with a Contract, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress. (Compl. ¶¶ 24–31.) According to Dr. Barlow, Dr. Chen and Ballard conspired with Provident to deny Dr. Barlow her disability benefits, with Dr. Chen receiving monetary compensation for this role. (*Id.* ¶¶ 10–12.) Provident argues that because Dr. Chen was Provident's agent, there can be no claim of Intentional Interference with a Contract against Dr. Chen. (Opp'n 5–7.) Further, Provident argues that Dr. Barlow's claims for Intentional and Negligent Infliction of Emotional Distress fail because Dr. Barlow cannot show that defendants' conduct was outrageous or that she suffered severe emotional distress. (*Id.* at 7–14.)

### *i.  Intentional Interference with a Contract*

To state a cause of action for Intentional Interference with a Contract, a plaintiff must plead the following elements: "(1) a valid contract between the plaintiff and a

third party; (2) the defendant's knowledge of this contract; (3) the defendant's intentional acts designed to induce a breach of disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Quelimane Co v. Stewart Tile Guaranty Co.*, 19 Cal. 4th 26, 33 (1998). The first element poses a problem for Dr. Barlow: her Complaint does not clearly allege that there is a third party involved here. (*See* Compl.) It is well established that the meaning of "third party" for purposes of this tort requires that the party be a mere "interloper[] who [has] no legitimate interest in the scope or course of the contract's performance." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994). Further, corporate agents and employees acting for and on behalf of a corporation are not considered third parties for the purposes of Intentional Interference with a Contract; they cannot be liable for inducing a breach of the corporation's contract. *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1604 (2009); *see also Shoemaker v. Myers*, 52 Cal. 3d 1, 24–25 (1990). Here, Dr. Chen (employed by Ballard) completed the medical evaluation at the direction of Provident. (Compl. ¶ 10.) Underscoring this, Dr. Barlow's own Complaint states, "[a]t all times mentioned herein, each Defendant was the agent, servant and employee of each of the other Defendants in doing the things hereinafter alleged, acted within the course and scope of their authority as such agents and employees and with the consent of each of the other Defendants." (*Id.* ¶ 6.)

However, Dr. Barlow's Complaint also states that the medical evaluation Dr. Chen performed was "independent." (*Id.* ¶ 10.) This phrasing contradicts Dr. Barlow's statement that all defendants were the agents and employees of one another. (*See id.* ¶ 6.) As it stands, Dr. Barlow's Complaint for Intentional Interference with a Contract could not survive a Motion to Dismiss. Nonetheless, there is no reason why a state court would not give Dr. Barlow leave to amend her Complaint as to this cause of action if it sustained a demurrer. In California courts, it is considered an abuse of discretion to deny leave to amend in sustaining a demurrer if the plaintiff shows there

is a reasonable possibility of curing a defect by amendment. *Aubry v. Tri-City Hospital Dist.*, 2 Cal. 4th 962, 967 (1992). Here, it appears possible for Dr. Barlow to cure the defects, in part by removing the contradictory allegations from her Complaint regarding whether Dr. Chen was Provident's agent. (*See* Compl. ¶¶ 6, 10.) As such, even though Dr. Barlow's claim for Intentional Interference with a Contract is currently insufficient, the possibility of a viable claim upon amendment means that Dr. Chen and Ballard are not sham defendants as to this cause of action.

### ii. *Intentional and Negligent Infliction of Emotional Distress*

Under a theory of Intentional Infliction of Emotional Distress ("IIED"), a plaintiff must show three elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998). With regard to the first element of the tort, the conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Id.* Pertinent to this case is the fact that the withholding of insurance benefits does not ordinarily constitute outrageous conduct. For example, in *Everfield v. State Compensation Insurance Fund*, the plaintiff sued the insurance carrier for consistent delays in payments, arbitrary reductions in the amount paid, and disregard of a subpoena duces tecum. 115 Cal. App. 3d 15, 16–18 (1981). The *Everfield* court found that this alleged conduct, while tortious in other respects, could not be considered "outrageous, perfidious or so extreme or abnormal . . . ." *Id.* at 19. And, this Court has previously determined that "[i]n the insurance context, the insurer's bad faith is not the kind of conduct that satisfies a claim for intentional infliction of emotional distress." *Allstate Inc. Co. v. Madan*, 889 F. Supp. 374, 383 (C.D. Cal. 1995).

Here, Dr. Chen's alleged conduct was the performance of a medical evaluation which led to the denial of disability benefits to Dr. Barlow. (Compl. ¶¶ 10–11.)

Ballard is implicated due to being Dr. Chen's employer during this time and allegedly knowing of and/or ratifying Dr. Chen's statements in the scope of the medical evaluation and report of findings. (*Id.*) Dr. Barlow asserts that Dr. Chen and Provident conspired to deny her disability benefits, but her allegations are purely conclusory. While it is unlikely that an insurer's and doctor's bad faith in denying benefits could constitute outrageous conduct for purposes of IIED, it is not inconceivable that Dr. Barlow could assert more compelling facts alleging a malicious scheme that, upon amendment, would state a viable claim. Therefore, the local defendants are not sham defendants for this cause of action either.

Similarly, Dr. Barlow's Negligent Infliction of Emotional Distress ("NIED") claim is currently insufficient but could be successful by amending to plead with more particularity. Specifically, Dr. Barlow would need to bolster her showing of severe emotional distress; nothing suggests that a state court would not grant her leave to do so. *See Huggins v. Longs Drug Stores Cal., Inc.*, 6 Cal. 4th 124, 129 (1993) (ruling that the elements for NIED include all of the traditional negligence elements plus a showing of "severe emotional distress"). As pleaded, Dr. Barlow's allegations of emotional distress are minimal. In *Wong v. Tai Jing*, the court found a lack of severe emotional distress where the plaintiff made a showing that she was "very emotionally upset[] . . . [lost] sleep, [had] stomach upset and generalized anxiety." 189 Cal. App. 4th 1354, 1377 (2010). Dr. Barlow's allegations, stating simply that she "suffere[d] severe emotional distress," lack specificity and corroborating allegations. (Compl. ¶ 7.) Nonetheless, this Court cannot state that Dr. Barlow would not be able to state a more robust claim of severe emotional distress if she were granted leave to amend her Complaint, which a state court would likely allow.

### iii. Attorney's Fees

In her Motion to Remand, Dr. Barlow urges this Court to award her attorneys' fees as a reflection of Provident's alleged bad faith in removing the action in the first place. (Mot. to Remand 16–17.) The relevant rule is that a court may award

attorneys' fees following improper removal "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Given the Court's determination that all of Dr. Barlow's claims against the local defendants fail, as pleaded, as a matter of law, and that removal is proper only based on the fact that a state court would likely grant leave to amend, the Court declines to award attorneys' fees. Provident's basis for removal was not unreasonable, even though this Court disagrees about whether Dr. Chen and Ballard are sham defendants.

## V.  CONCLUSION

Dr. Barlow's claims against Dr. Chen and Ballard are weak, but it is not clear as a matter of law that she cannot maintain a claim against them if granted leave to amend. Therefore, the Court holds that there is a "non-fanciful possibility" that Dr. Chen and/or Ballard could be held liable for Intentional Interference with a Contract, IIED, or NIED, and thus are not fraudulently joined. *See Hamilton Materials*, 494 F.3d at 1206. Dr. Chen's and Ballard's presence in the matter deprives the district court of original diversity jurisdiction over the entire action, and accordingly this Court must remand the case to state court. *See Exxon Mobil Corp.*, 545 U.S. at 553.

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion and **REMANDS** the actions to the San Bernardino Superior Court, Case No. CIVDS1606145. (ECF No. 22.) Provident's Motion to Dismiss, Chen's Motion to Dismiss, and Chen's Motion to Strike are all hereby **DENIED AS MOOT**. (ECF Nos. 8, 10, 12.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

October 11, 2016

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**